UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Karenlee HUNTER, | Case No.: 20-cv-1646-AGS |
|---|---|
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS (ECF 4), DISMISSING THE COMPLAINT WITHOUT PREJUDICE, AND CLOSING THE CASE, WITH LEAVE TO AMEND** |
| v. | |
| Andrew M. SAUL | |
| Defendant. | |

Plaintiff moves to proceed in forma pauperis (IFP). While plaintiff qualifies to proceed without paying the initial filing fee, her complaint fails to state a claim for relief. So, the Court grants plaintiff's IFP motion but dismisses the complaint without prejudice.

**Motion to Proceed In Forma Pauperis**

Typically, parties instituting a civil action in a United States district court must pay a $400 filing fee. *See* 28 U.S.C. §§ 1914(a); 1915. But if granted the right to proceed IFP, a plaintiff can proceed without paying the fee. *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Here plaintiff does not provide bank account information, but lists household living expenses as $1,847.55 and household income as $1,850. (ECF 3 at 2, 5.) Plaintiff is not currently employed, but earns $1,350 each month by renting out rooms in her house. (*Id.* at 1, 5.) Plaintiff owns a car worth $1,500 and a house worth $400,000. (*Id.* at 3.) She

has no cash on hand. (*Id.* at 2.) In light of the foregoing, the Court finds that plaintiff has sufficiently shown an inability to pay the initial $400 fee.

## 28 U.S.C. § 1915(e) Screening

When reviewing an IFP motion, the court must screen the complaint and dismiss it if it is frivolous, malicious, fails to state a claim, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In the Social Security context, a plaintiff's complaint must set forth sufficient facts to support the legal conclusion that the Commissioner's decision was incorrect. "[T]o survive the Court's § 1915(e) screening," a plaintiff must (1) "establish that she has exhausted her administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision," (2) "indicate the judicial district in which the plaintiff resides," (3) "state the nature of plaintiff's disability and when the plaintiff claims she became disabled," and (4) "identify[] the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that plaintiff is entitled to relief." *Varao v. Berryhill*, No. 17-cv-02463-LAB-JLB, 2018 WL 4373697, at *2 (S.D. Cal. Jan. 31, 2018) (alteration and citation omitted).

Plaintiff's complaint fails to state a claim. Plaintiff's allegations meet the first and second requirements, but the complaint is silent as to the nature of her disability, the date on which she allegedly became disabled, and her disagreement with the Social Security Administration's determination. (*See* ECF 1 at 2-3.) While plaintiff's complaint contains some boiler-plate language (*see id.*), there is not enough detail to allow the Court to determine what her specific disagreements with the Social Security Administration really are. Although surviving § 1915(e) is a "low threshold," plaintiff is still required to plausibly allege that she is disabled by identifying her purported disability and suggesting why she is entitled to relief. *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012); *see also Lenz v. Colvin*, No. 16-cv-1755-JLS (PCL), 2016 WL 5682557, at *2 (S.D. Cal. Oct. 3, 2016) ("In social security appeals, a complaint challenging the denial of benefits 'must provide a

statement identifying the basis of the plaintiff's disagreement with the Social Security Administration's determination and must make a showing that the plaintiff is entitled to relief.'" (citation omitted)).

## Conclusion

For the reasons set forth above, the Court grants plaintiff IFP status and waives the filing fee. But the complaint fails to state a claim and thus is dismissed without prejudice under § 1915(e). The Clerk is directed to close the case. Plaintiff may automatically reopen the case by submitting an amended complaint by September 23, 2020.

Dated:  August 25, 2020

_____
Hon. Andrew G. Schopler
United States Magistrate Judge